### ALBRECHT MFG. CO. v. BLUM et al.

(Circuit Court of Appeals, Seventh Circuit. June 19, 1922.)

No. 3085.

1. **Patents ⌖328—1,215,956, for round box, void for lack of invention and prior use.**
   The Albrecht patent, No. 1,215,956, for a round box for cheese, *held* void for lack of invention and also for prior public use.

2. **Patents ⌖129—Negotiations for license under patent not estoppel to deny validity.**
   Negotiations for license under a patent and obtaining an option not exercised, *held* not to estop defendant to deny its validity.

Appeal from the District Court of the United States for the Western District of Wisconsin.

Suit in equity by the Albrecht Manufacturing Company against John H. Blum and Paul L. Blum, copartners as the Blum Bros. Box Company. Decree for defendants, and complainant appeals. Affirmed.

Arthur L. Morsell and L. C. Wheeler, both of Milwaukee, Wis., for appellant.

Frederick S. Stitt, of Washington, D. C., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

⌖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

EVAN A. EVANS, Circuit Judge. Appellant's patent, No. 1,215,-956, covering a "round box," was declared invalid, both for want of patentable novelty and because of prior public use. The correctness of each of these conclusions is challenged, and, in addition, appellant urges estoppel arising out of the execution of a so-called license agreement.

[1] The box is of the type used by cheese makers and the claim in controversy reads as follows:

"A round box of the class described, including a body composed of two thicknesses of veneer bent together into round form, the grain of both thicknesses running in a direction around the body, the ends being overlapped, and fasteners extending through said overlapped ends, the said thicknesses lying loosely in direct contact with each other between the fastened ends."

Virtue is asserted because the two thicknesses of veneer make it possible to use thinner and therefore less expensive material. This two-ply type has other advantages, it is asserted, due to its use as a container of cheese, which, when placed in a cool place, may be so left for a considerable period of time. The method of fastening is also claimed as unique.

Whether such a structure entitled the inventor to a patent in the absence of any prior art—in other words, whether the patent is void on its face—we need not determine, for the record contains prior patents in the same art (Stout patent, No. 683,517, dated Oct. 1, 1901, covering a cheese box; patent to Bradley, No. 389,285, dated Sept. 11, 1888, covering a butter package; patent to Sheffield, No. 175,177, dated March 21, 1876, covering improvements in a barrel) that foreclose patentees' right to the monopoly here claimed. The Stout patent was for a two-ply cheese box, the two veneers being of different thicknesses, and the advantages arising therefrom are stressed. In the Bradley patent one of the figures disclosed a convolute rim of a cylindrical package, the fasteners extending through the overlap ends. Certainly with the advantages of a two or more ply box pointed out, with the merits of the thin veneer used in construction specifically emphasized, and with a structure containing a variety of methods of fastening the two pieces of veneer, the inventors found but a small field not preempted in which they could labor.

We are not justified in elaborating upon the views expressed by the District Judge in rejecting this claim. We agree with him that the patent is invalid for want of invention.

Upon the question of prior use the court below concluded that structures such as were covered by the claim in question were made long prior to patentees' discovery. This finding is conclusive upon us, in view of the evidence. The testimony of the two witnesses, William and Herbert Cooley, both of whom testified orally on the trial, amply supports the court's finding.

[2] The contention that defendants were estopped to challenge the validity of the patent, because of a license agreement, fails for want of support in the record. Prior to defendants' making the infringing cheese boxes, negotiations were had with appellant looking to the execution of a license. An option of 30 days was given, which was later extended. No agreement was executed, and we fail to find any support for appellant's claim of estoppel.

The decree is affirmed.